## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MICHAEL ESTRADA,

        Plaintiff,                CIVIL ACTION FILE NO.:

v.                             _____

                            INJUNCTIVE RELIEF SOUGHT

DISCOUNT AUTO PARTS, LLC,
a Foreign Limited Liability Company,
d/b/a Advance Auto Parts,

        Defendant.
_____/

## COMPLAINT

Plaintiff, MICHAEL ESTRADA ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant DISCOUNT AUTO PARTS, LLC, a Foreign Limited Liability Company, d/b/a Advance Auto Parts, and says as follows:

## INTRODUCTION

This is an action under Title III of the Americans with Disabilities Act ("the ADA") alleging barriers to access at Defendant's place of public accommodation, the retail establishment known as Advance Auto Parts. Defendant is the proper Defendant with respect to the premises, as the owner, operator, lessor and/or administrator thereof. The subject premises, as a public facility or a private facility

used by the public, is a place of public accommodation as defined by the ADA. It includes parking, approaches and entrances, paths of travel, facilities, toilet rooms and other public accommodations and services covered by the ADA.

## JURISDICTION AND VENUE

1.      This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, for Plaintiff's claims arising under Title 42 U.S.C. § 12181 et seq. are based on Defendant's violations of Title III of the ADA.

2.      Venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391(b) and LR 3.1 in that Defendant is a foreign corporation which resides by agency in this judicial district and division.

## PARTIES

3.      At all times material hereto, MICHAEL ESTRADA (hereinafter "Plaintiff"), was a resident of the State of Georgia and suffered from a qualified disability in this State. Due to his disability, Plaintiff is substantially impaired in several major life activities and requires a walker as his primary means of mobility. Prior to filing the instant action, Plaintiff personally visited the subject property, but he was denied full and equal access to, and the full use and equal enjoyment of, the facilities, which property is the subject of this case.

4.      Defendant, DISCOUNT AUTO PARTS, LLC (hereinafter "Defendant" or "Advance Auto Parts"), is a foreign corporation having its principal

place of business in Raleigh, North Carolina.  Defendant is authorized to transact, and is transacting, business in the State of Georgia, and in this judicial district.  On information and belief, Defendant is the owner, lessor and/or the operator of the subject facility, and owner of the improvements on the real property where the facility subject to this action is located.  That said facility is located at 6451 Veterans Parkway, Columbus, Georgia 31909 (hereinafter "the subject facility").

## COUNT ONE

## VIOLATIONS OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

5.      The building or facility at issue is a public accommodation subject to the provisions of the ADA, and it must be in compliance therewith.

6.      Defendant has discriminated, and continues to discriminate, against Plaintiff and other disabled persons, by denying Plaintiff full and equal access to, and the full and equal enjoyment of, the goods, services, facilities, privileges, advantages, and/or accommodations at its facility in derogation of 42 U.S.C. § 12181 et seq., and as prohibited by 42 U.S.C. § 12181 et seq., by failing to remove architectural barriers where such removal is readily achievable.

7.      Plaintiff has been, and continues to be, unable to gain access to, and enjoy the benefits of the goods and services purported to be provided at, the subject location, which is owned, operated, controlled and maintained by Defendant.  Prior to filing the instant action, and within the applicable limitations period, Plaintiff

visited the subject property and was denied full and safe access to the benefits, accommodations, and services otherwise afforded to persons who do not suffer from a disability.  Plaintiff's access was inhibited by, and Plaintiff personally encountered, the barriers to access detailed hereinafter, which barriers remain, in violation of federal law.  As a proximate result of the foregoing, Plaintiff suffered an injury in fact in precisely the manner and form which the ADA was enacted to safeguard against.

8.    Plaintiff continues to desire access to the subject facility but continues to be injured in that he is unable to gain access and continues to be discriminated against due to barriers to access which remain at and about the subject facility. Absent remedial action by Defendant, Plaintiff will continue to encounter the barriers described herein, and, as a result, will continue to be discriminated against by Defendant on the basis of his disability.  Plaintiff has been discriminated against, and has reasonable grounds to believe he will continue to suffer discrimination in the future, because of Defendant's continuing, deliberate and knowing violations of the ADA.

9.    Plaintiff intends to, and will, visit the property in the near future to utilize the goods and services thereon.

10.     Defendant's facility is in violation of 42 U.S.C. § 12181 et seq., and, consequently, Plaintiff is denied access as a result of the following specific violations:

Men's Restroom

a)     Providing a gate or door with a continuous opening pressure of greater than 5 lbs., exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.9 and 309.4;

b)     Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5;

c)     Failing to provide the proper spacing between the grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§ 609, 609.1, and 609.3;

d)     Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604, 604.7 and 309.4;

e)     Failing to provide a paper towel dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308;

f)     Failing to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§ 4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1;

g)     Failing to provide a coat hook for a person with a disability in violation of 2010 ADAAG §§ 603, 603.4 and 308;

h)     Failing to provide mirror(s) situated above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§ 603 and 603.3.

11.     Plaintiff alleges numerous other barriers to access at the subject facility not specifically referenced herein, which barriers can be identified only after a full inspection by Plaintiff and Plaintiff's representatives has been made.

12.     To date the barriers and other violations of the ADA exist at the subject facility, and such barriers have not been remedied or altered in order to attain substantial compliance with the ADA and its promulgating regulations.

13.     Defendant is required to make its facility, which is a place of public accommodation, accessible to persons with disabilities.

14.     The remediation of barriers and accommodations sought by Plaintiff is readily achievable, technically feasible, and would not result in a significant loss of marketing or sale space to Defendant.

15.     Independent of his intent to return as a patron of the property, Plaintiff also intends to return to the property to determine whether the barriers to access have been remedied.

16.     Removal of the barriers to access at the property would allow Plaintiff to fully utilize the goods and services located thereon.

17.     Plaintiff has been required to retain counsel for the filing and prosecution of this action.  Plaintiff is entitled to have and recover from Defendant reasonable attorneys' fees, costs and expenses.

18.     This Court is vested with the authority to grant injunctive relief to Plaintiff, including ordering Defendant to alter the subject facility to make it readily accessible to persons with disabilities to the extent required by the ADA, and to close the subject facility until the requisite modifications are achieved.

WHEREFORE, Plaintiff hereby requests judgment against Defendant and prays for the following additional relief:

(a)     That the Court declare the subject property owned, operated, leased, controlled and administered by Defendant, to be in violation of the ADA;

(b)     That the Court enter an Order requiring Defendant to alter its facilities to make them accessible to persons with disabilities to the full extent required by law;

(c)     That the Court enter an order requiring Defendant to cease operating its

business at the subject facility for such reasonable time as to require

Defendant to evaluate and neutralize its policies, practices and

procedures toward persons with disabilities and to undertake remedial

measures;

(d)     That the Court award Plaintiff reasonable attorneys' fees, costs and

further relief as it deems just and proper in the premises.

DATED:  June 7, 2021

Respectfully submitted,

MATTHEW N. POPE, P.C.

By: */s/ Matthew N. Pope*
      Matthew N. Pope
      Georgia Bar No. 584216
      900 2nd Avenue
      P.O. Box 2624
      Columbus, Georgia 31902
      Ph. (706) 324-2521
      matt@mpopelaw.com

*COUNSEL FOR PLAINTIFF*